Eric Baum (*pro hac vice*—to be filed)

ebaum@eandblaw.com

Philip M. Black, Esq. (CA# 308619)

pblack@eandblaw.com

EISENBERG & BAUM, LLP

24 Union Square East, Fourth Floor

New York, NY 10003

212-353-8700 (tel.)

212-353-1708 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA VELASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SVENHARD'S SWEDISH BAKERY, ISRAEL SANCHEZ, and MARCELINO CHAIRES,<br><br>    Defendants. | **Civil Action Number: 17-951**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LORENA VELASQUEZ, by and through her attorneys, Eisenberg & Baum, LLP, as and for her Complaint against Defendants, SVENHARD'S SWEDISH BAKERY, ISRAEL SANCHEZ, and MARCELINO CHAIRES, asserting claims and seeking remedies under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA"), alleges as follows:

## THE PARTIES

1. Plaintiff LORENA VELASQUEZ is an individual residing in the City of Lindsay, Tulare County, California. Ms. Velasquez is an employee of the Defendant, Svenhard's Swedish Bakery.

2. Defendant SVENHARD'S SWEDISH BAKERY ("Svenhard's") is a California corporation with a principal place of business at 701 Industrial Drive, City of Exeter, Tulare County, California. Upon information and belief, Defendant employs in excess of 190 employees manufacturing over 17 varieties of baked goods that are sold to retail establishments nationwide.

3. Defendant ISRAEL SANCHEZ is a natural person currently employed as a foreman at Svenhard's Swedish Bakery in the City of Exeter, Tulare County, California.

4. Defendant MARCELINO CHAIRES is a natural person currently employed as a supervisor at Svenhard's Swedish Bakery in the City of Exeter, Tulare County, California.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under the laws of the State of California and/or common law.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all parties reside in this District, the Defendants have sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

# STATEMENT OF FACTS

7. Plaintiff started working at Svenhard's on January 11, 2016 and presently works night shifts at the singles line at the company's main production facility in Exeter, California.

8. Almost immediately after starting work at Svenhard's, Plaintiff was subjected to inappropriate comments by her then-supervisor, Israel Sanchez, who is the first foreman at the facility where Plaintiff works. Mr. Sanchez made sexually offensive remarks to Plaintiff, which were unwelcome, including statements such as "these jeans make your ass look so great," and he insinuated that he wanted her to bend over.

9. Plaintiff complained to her union about Mr. Sanchez's conduct in approximately February or March, 2016, but Svenhard's management took no action in response. Plaintiff was forced to request a transfer in order to escape the verbal abuse by Mr. Sanchez, and was then re-assigned to work the 4 a.m. shift in sanitation, although she preferred her original work assignment. Mr. Sanchez was neither terminated nor reassigned.

10. In approximately May or June of 2016, Plaintiff was re-assigned to work the make-up line.

11. Immediately after this reassignment, Plaintiff's new supervisor, Marcelino Chaires, made inappropriate comments of a sexual nature to her. These included, but were not limited to: telling her he wanted to bite and kiss her behind and have sex with her; asking her when she was going to sleep with him because he had already planned everything he was going to do to her; telling her that her breasts looked nice and that he wanted to suck on her breasts; telling her "when you give me a child I will get you out from working here, you won't have to work ever again"; telling her he wanted to spank her really hard and how he wanted to have sex with her in a certain position where he could enjoy her behind; saying "I like how your behind moves when you walk, your behind looks really big with those jeans you have on"; saying "I want to give you kisses in your behind and then give you oral sex"; saying "I want to play with your breasts and grab them really

hard"; telling her he wanted to see her completely naked and that if "you look yummy with clothes on, how much better would you look naked."

12. Additionally, Mr. Chaires sometimes watched Ms. Velasquez work, standing in a corner and leering at her before coming over to make lewd comments. At times he would stand behind her and tell her that he felt like grabbing her ass.

13. Plaintiff repeatedly told Mr. Chaires to stop making these types of comments to her because they were inappropriate, but he never stopped. He would make these comments sometimes two to three times a day and almost every day Plaintiff worked.

14. Plaintiff filed a written complaint about Mr. Chaires' conduct with Dennis Richards from Human Resources at Svenhard's on July 19, 2017.

15. Almost a week after HR had received her complaint, on July 25, 2017, Mr. Chaires came over to Plaintiff and made a lewd comment to her in Spanish, which can be translated to mean that he wanted to put his penis on her.

16. Svenhard's management knew about these comments and knew that the comments were offensive and unwelcome. However, management did not do anything to stop Mr. Chaires' conduct until August 8, 2017, when Mr. Chaires was suspended for two weeks. He returned to work on August 22, 2107. Plaintiff still sees Mr. Chaires in the workplace and is not aware of any re-training having taken place.

17. After making her complaint about Mr. Chaires, Plaintiff was re-assigned to work the night shift and now has to report to Mr. Sanchez again, even though she had previously been forced to change shifts in order to be able to avoid working with him because of the sexual harassment she was experiencing from him. Upon information and belief, this reassignment was issued in retaliation for complaints about discrimination and harassment that Plaintiff had previously made.

18. Plaintiff was also issued a disciplinary warning on September 1, 2017. This warning had no factual basis to support it. Upon information and belief, the warning was issued in retaliation for complaints about discrimination and harassment that Plaintiff had previously made.

19. Plaintiff has also received a litany of comments and expressions of disapproval from fellow employees, and in particular from two female employees who are known close personal friends of Mr. Chaires. Upon information and belief, this behavior has been undertaken at the direction of Mr. Chaires and is also intended as retaliation for complaints about discrimination and harassment that Plaintiff had previously made.

20. Mr. Chaires and Mr. Sanchez continue to harass not only Plaintiff but other women at Svenhard's in the same or similar manner as previously alleged herein, despite Plaintiff's complaints about both of them to Svenhard's management.

21. The conduct of Svenhard's, Mr. Chaires, and Mr. Sanchez, as alleged herein, has caused Plaintiff to suffer significant emotional distress, loss of enjoyment of life, loss of employment opportunities, and irreparable harm to her reputation.

## CONDITION PRECEDENT

22. Pursuant to the requirements of 42 U.S.C. § 2000e-5 and Gov. Code § 12960, Plaintiff filed timely Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").

23. The DFEH issued a Notice of Right to Sue on September 11, 2017.

24. The EEOC issued a Notice of Right to Sue on September 29, 2017.

25. This Complaint is timely in that it was filed within ninety (90) days of the issuance of the EEOC Notice of the Right to Sue and within one (1) year of the DFEH Notice of Right to Sue.

## FIRST CAUSE OF ACTION:
## DISCRIMINATION IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT SVENHARD'S SWEDISH BAKERY

26. Plaintiff repeats and realleges all preceding paragraphs in support of this claim against Defendant Svenhard's Swedish Bakery.

27. Title VII, at all times relevant hereto, has provided that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2.

28. Defendant discriminated against Plaintiff on the basis of sex, as hereinbefore alleged, in violation of Title VII.

29. As hereinbefore alleged, Defendant's conduct was undertaken with malice and/or with reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages to punish and deter such conduct.

## SECOND CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT SVENHARD'S SWEDISH BAKERY

30. Plaintiff repeats and realleges all preceding paragraphs in support of this claim against Defendant Svenhard's Swedish Bakery.

31. Title VII, at all times relevant hereto, has provided that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

32. Defendant retaliated against Plaintiff for complaining of discrimination and harassment, as hereinbefore alleged, in violation of Title VII.

33. As hereinbefore alleged, Defendant's conduct was undertaken with malice and/or with reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages to punish and deter such conduct.

## THIRD CAUSE OF ACTION:
## HARASSMENT IN VIOLATION OF THE FEHA
## AGAINST ALL DEFENDANTS

34. Plaintiff repeats and realleges all preceding paragraphs in support of this claim

against all Defendants.

35. The FEHA, at all times relevant hereto, has provided that it is an unlawful employment practice "[f]or an employer . . . or any other person, because of . . . sex, gender, gender identity, gender expression . . . [or] sexual orientation . . . to harass an employee . . . . Harassment of an employee . . . shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. . . . An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment." Gov. Code § 12940(j)(1).

36. The FEHA, at all times relevant hereto, has provided that "[a]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Gov. Code § 12940(j)(1).

37. Defendants harassed Plaintiff on the basis of sex, in violation of the FEHA.

38. Defendant Svenhard's Swedish Bakery also failed to take immediate and appropriate corrective action regarding the conduct alleged herein, and failed to take all reasonable steps to prevent harassment from occurring, in violation of the FEHA.

39. As hereinbefore alleged, Defendants' conduct was undertaken through oppression, fraud, and/or malice, and with conscious disregard for Plaintiff's rights and/or safety, warranting the imposition of punitive damages to punish and deter such conduct.

## FOURTH CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF THE FEHA
## AGAINST DEFENDANTS SVENHARD'S SWEDISH BAKERY AND MARCELINO CHAIRES

40. Plaintiff repeats and realleges all preceding paragraphs in support of this claim against Defendant Svenhard's Swedish Bakery.

41. The FEHA, at all times relevant hereto, has provided that it is an unlawful

employment practice "[f]or any employer . . . or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Gov. Code § 12940(i).

42. Defendants Svenhard's Swedish Bakery and Marcelino Chaires retaliated against Plaintiff for complaining of discrimination and harassment, as hereinbefore alleged, in violation of the FEHA.

43. As hereinbefore alleged, Defendants' conduct was undertaken through oppression, fraud, and/or malice, and with conscious disregard for Plaintiff's rights and/or safety, warranting the imposition of punitive damages to punish and deter such conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

44. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, practices, and conduct as alleged herein have subjected Plaintiff to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act;

45. Order Defendant:
   a. to develop, implement, promulgate, and enforce a policy designed to prevent future discrimination and/or harassment against Plaintiff or other employees;
   b. to train all its employees, staff, and other agents on a regular basis about the rights of individuals under Title VII and the FEHA;

46. Award to Plaintiff all other relief available under law, including:
   a. Compensatory damages pursuant to Title VII and the FEHA;
   b. Punitive damages pursuant to Title VII and Cal. Civ. Code § 3294;
   c. Nominal damages in the alternative or in addition to compensatory and punitive damages;
   d. Reasonable costs and attorneys' fees pursuant to Title VII and the

FEHA;

e. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

f. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

47. Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: December 19, 2017

Respectfully submitted,

EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
*Attorneys for Plaintiffs*

By:

Philip M. Black, Esq.
CA# 308619
pblack@eandblaw.com

Eric Baum, Esq.
(*pro hac vice*—to be filed)
ebaum@eandblaw.com