# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA VELASQUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SVENHARD'S SWEDISH BAKERY, et al., <br><br> Defendants. | Case No. 1:17-cv-01710-SAB <br><br> ORDER REQUIRING PARTIES TO MEET AND CONFER AND FILE A JOINT STATEMENT OF UNDISPUTED FACTS AND TO PROVIDE COURTESY COPIES OF DEPOSITION TRANSCRIPTS <br><br> DEADLINE: April 17, 2019 |

In this action, On March 18, 2019, Defendants filed motions for summary judgment on March 18, 2019, and Plaintiffs filed oppositions to the motions for summary judgement on April 10, 2019. (ECF Nos. 57, 58, 59, 70, 71, 72.) Upon review of the submissions of the parties, the Court finds that the parties have failed to comply with the scheduling order issued in this matter on April 27, 2018, and the Local Rules of the Eastern District of California.

**I.       Joint Statement of Undisputed Facts**

The April 27, 2018 scheduling order required that **"[i]n addition to the requirements of Local Rule 260, the moving party shall file a Joint Statement of Undisputed Facts."** (ECF No. 25 at 5 (emphasis in original).) The scheduling order provides that the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer. (Id.) As required by the scheduling order, Defendants have included a statement regarding their attempts to meet and confer with Plaintiffs to file a

1

joint statement of undisputed facts. Defendants' notice of motion states,

> Pursuant to the Scheduling Order (Document 25), Defendants initiated the meet and confer process with Plaintiff's counsel on March 14, 2019. On March 15, 2019, Defendants' counsel and Plaintiff's counsel telephonically met and conferred regarding the proposed Joint Separate Statement of Undisputed Facts and Plaintiff's counsel informed Defendants' counsel that they objected to the proposed Joint Separate Statement as they did not have time to research the factual and legal issues contained within, so as to engage in a meaningful meet and confer and provide a proper response. Therefore, no Joint Separate Statement may be filed herewith.

(ECF No. 57 at 2.)

The requirement that the parties meet and confer regarding a joint statement of undisputed facts is not a suggestion to be complied with if convenient for the parties. The parties are required to meet and confer in a good faith effort to file a joint statement of undisputed facts. The fact that counsel is busy is not good cause to to fail to comply with the order. The parties shall be required to file a joint statement of undisputed facts. However, the Court provides the following guidance after review of the parties' separate statements of undisputed facts.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The mere existence of an alleged factual dispute between the parties will not defeat the requirement that there be "no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477, U.S. at 248.

While it would appear obvious, the parties are advised that for a fact to be undisputed there must be no evidence to dispute the fact. Where the parties dispute that something occurred, the fact is not undisputed.

Further, legal conclusions, opinions, and allegations are not "facts". Keenan v. Allan, 889 F.Supp. 1320, 1353 (E.D. Wash. 1995), aff'd, 91 F.3d 1275 (9th Cir. 1996) (legal conclusions); In re Roman Catholic Archbishop of Portland in Oregon, 335 B.R. 868, 887 n.16 (Bankr. D. Or. 2005) (legal conclusions); Fed. Ins. Co. v. Burlington N. & Santa Fe Ry. Co., 270 F. Supp. 2d 1183, 1187 (C.D. Cal. 2003) (legal conclusions); Atcherley v. Clark, No. 1:12CV00225 LJO DLB, 2015 WL 4041994, at *8 (E.D. Cal. July 1, 2015) (opinions); Navickas v. U.S. Forest Serv., No. CIV. 03-3066-CO, 2004 WL 869600, at *4 (D. Or. Apr. 21, 2004), report and recommendation adopted, No. CIV.03-3066-CO, 2004 WL 1179331 at *4 n.2 (D. Or. May 26, 2004) (opinions); Melendez v. Morrow Cty. Sch. Dist., No. CIV. 07-875-AC, 2009 WL 4015426, at *16 (D. Or. Nov. 19, 2009), opinion clarified, No. CIV. 07-875-AC, 2010 WL 97759 (D. Or. Jan. 8, 2010) (allegations). For example, the fact that Plaintiff filed a complaint is not material in this action and her allegations in the complaint are not facts.

**II.  Deposition Transcripts**

In support of their pleadings, the parties include portions of deposition transcripts. Pursuant to the Local Rules,

> Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

Local Rule 133(j).

Here, while both parties have relied on portions of depositions in their pleadings, the Court has not received courtesy copies of the depositions. The parties are required to provide the Court with complete complies of all depositions relied on in their pleadings.

**III.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer to come up with a **single joint statement of undisputed facts** for all three motions for summary judgment;

2. On or before **April 17, 2019**, the parties shall file their joint statement of

| | |
|---|---|
| 1 | undisputed facts; |
| 2 3 4 5 | 3. If the parties fail to file a joint statement of undisputed facts as required by this order, on or before **April 17, 2019**, the parties shall file a response explaining why monetary sanctions should not be imposed for the failure to comply with this order;[1] and |
| 6 7 8 | 4. Within **five (5) days** of the date of entry of this order, the parties shall provide courtesy copies of all depositions relied on in their pleading as required by Local Rule 133(j). |

IT IS SO ORDERED.

Dated:   **April 12, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).